```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   EASTERN DIVISION
```

```
MARVIN DIGGS,                        )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )    No. 22-cv-1035-TMP
                                     )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
     Defendant.                      )
```

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Before the court is plaintiff Marvin Diggs's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"). (ECF No. 26.) Diggs filed this action to obtain judicial review of defendant Commissioner's determination that he was not disabled. The court entered an order reversing and remanding the Commissioner's decision on November 9, 2022. (ECF No. 22.)

The Commissioner filed a response on December 8, 2022. (ECF No. 27.) The Commissioner does not object to the award of attorney's fees and expenses under the EAJA, but states that the parties have agreed to settle the matter for $6,500. (Id.)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States

. . ., unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). As Diggs obtained an order from the court remanding the Commissioner's decision, he qualifies as a prevailing party under the EAJA. The undersigned concludes that there are no special circumstances that would make an award unjust. Consequently, Diggs is entitled to an award of attorney's fees.

Diggs's counsel has submitted an affidavit documenting 58.3 hours of work on this case. Diggs originally sought an award of attorney's fees at a rate of $207.66, but the parties have agreed to settle the matter for $6,500. This results in an hourly rate of $111.49. The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). As the parties have settled, the Commissioner does not object to the hourly rate. The undersigned finds that the requested rate and the number of hours expended are reasonable.

It is hereby ORDERED that Diggs is awarded attorney's fees under the EAJA in the amount of $6,500, made payable to Diggs's attorney, as Diggs has assigned these funds to his attorney.

Remittance of the awarded attorney's fees will be contingent upon a determination by the government that Diggs owes no debt(s) to the government that is subject to offset. If such a debt(s) exist, the government may make the entire EAJA fee payable to Diggs and then use the EAJA fee as an offset to the debt. See 31 C.F.R. § 285.5(e)(6)(ii); Astrue v. Ratliff, 560 U.S. 586 (2010).

IT IS SO ORDERED this 8th day of December, 2022.

s/ Tu M. Pham
TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE